Good morning, Your Honors. May it please the Court, Joseph Porta on behalf of the petitioner Dimas Alexander Fuentes. I would like to reserve two minutes for a rebuttal, if possible. The Court in this case has asked the parties to address whether the Board of Immigration Appeals had authority to deny on discretion in the first instance, or deny on discretion, and assuming that the IJ did not make that determination. And if not, how does that affect this pending petition for review? First, the short answer is I don't believe the Board of Immigration Appeals had authority to enter this decision in the first instance, since the IJ didn't. And since we're under the assumption, I think it's necessary to look at some definitions. The first definition I think we need to look at is just the word review itself. Looking in the Black's Law Dictionary, review basically means a reconsideration, a second review or something that's done in the first instance, which is a tenet of most appellate courts. They're not looking at things for the first time. They're here to review what's been done below to make sure that there were no errors committed. It's not a trier of fact. And in essence, the determination by the immigration judge in the pending case referred to statutory elements, which are not discretionary elements, and there was no specific discretionary finding. For the board to impose that finding has grave ramifications. First of all, by the board doing that in the first instance for sua sponte on appeal, that could effectively cut judicial review off for litigants, because once the board wants to characterize it as a discretionary determination, then the person's not allowed to come before this court and argue the remaining basis of this case. So it has far-reaching implications that the board decided to do this. Another reason why I don't believe that it should be extended in that sense is because... The record is a bit confusing because the IJ's order did make some passing reference to the exercise of discretion, right? Correct. It made some passing reference, but there was no specific analysis related to it. And then the board basically said that they affirm the judge's determination on that, but there really wasn't a determination to which the board might have committed some error. So are they affirming a decision that didn't take place is the question I was left with. I remember when I was going through this, I spent hours spinning, and I said, wait a second, what's going on here? I don't see that the board addressed that. The second thing that I want to look at after just defining review is we need to take a look at the Immigration and Nationality Act and 8 U.S.C. 1101, which is section 101, at 847 has a definition of what affirmative final order is, and that is a determination by the BIA affirming such an order or the expiration for the period of time for review. It doesn't really add up a lot of analysis or information to that, but if we look at the regulations, at 8 CFR 103.1D, it says that the board shall function as an appellate body. So it's not giving them the power to make determinations in the first instance. Did you challenge the BIA's determination on a discretionary basis? I did not, and one of the reasons I did not is because this court lacks jurisdiction to entertain a discretionary denial. But you could have objected that the board didn't have the authority to make the determination on a discretionary basis. It's referenced in my brief that there really wasn't a determination based on discretion. Did you ask the BIA to say, for reconsideration? No, I did not. I directly petitioned for review to the court. Is that a waiver? I don't believe so, because if the... Failure to exhaust? I don't see it as a failure to exhaust, because if the decision, we're looking at the decision whether they made is correct, and it is raised in the briefs. And if they are affirming something that didn't exist, then I don't see why it would be necessary to do a reconsideration on that matter. Well, that's why I raised the fact that the record is a bit confused. The BIA, looking at this, construed it as an exercise of discretion by the IJ, and said that they were going to affirm that exercise of discretion. Now, if that's not a fair reading of the record, it seems that we ought to raise that challenge directly to the BIA. Well, if the court looks at the IJ's decision, the IJ's decision mentions that based on all the holding of the IJ was based on all of these reasons, and they're going through a litany of things, the respondent is statutorily also ineligible for cancellation of removal. The only mention of discretion is a passing reference and a general terse blurb as to the law. There's really no analysis present or a conclusion leading to the subject. It's more than ambiguous. It wasn't decided. And for the board, and for like de facto, when the board does something like that, when the party really isn't on notice, that that was a basis for denying the case. The case was denied because the judge found that the petitioner had two crime-involving moral turpitudes. And as a matter of fact, which leads me to another point, is one of those crimes clearly probably is not a crime-involving moral turpitude. For example, the petty theft, although normally categorically petty theft offenses are considered involving moral turpitude, the offense here was a misdemeanor. The petitioner was sentenced or was charged with, it was reduced to an infraction, and the only penalty imposed was a $120 fine. Proof of that is located at page 49 of the administrative record. But more importantly, there's an annotation in the minute order that shows that the $120 fine was suspended, which means there was an infraction in Rotuda. And recently, in an unpublished decision that affirmed Rotuda, which is called Ventura Heredia, which is 720 Federal Appendix 376, found that in these circumstances that a non-incarcerated suspended sanction cannot be a predicate for a conviction. So it's not even a conviction under the act. Now, I realize the government has urged the that there is jurisdiction for this portion, that we should hold the case because there is some pending litigation on the remaining crime-involving moral turpitude conviction. But in the event that this is not a moral turpitude conviction because it's not even a conviction under the act, he at most has one. So I would suggest that when an appellate body is conducting review, they need to know exactly what they're doing. And given this is a case that's been brought to court more difficult, and we're not entirely sure what we're deciding here, I think the prudent course of action in this would be to remand, allow an opportunity for the parties to do this correctly, and possibly even remand it back to the immigration judge because it appears that there's only one crime-involving moral turpitude. You also raised the NACARA eligibility challenge. Isn't that a factual question? And if so, then we wouldn't have jurisdiction, correct? Your Honor, yes. And I, regrettably, in looking up the case, there is a dispute as to the facts in this case. So as far as a mixed question of law and fact, whether the court has jurisdiction, if the facts are in dispute, I don't think it would be a mixed question of law or fact anymore on the NACARA, unfortunately. All right. Thank you. You're welcome. Good morning, Your Honors. May it please the Court, John Blakely on behalf of the Respondent, Attorney General of the United States. Your Honors, I'll also start by addressing the question that this Court asked about whether the Board has authority to address, make a discretionary decision in the first instance. And for the answer to that question, we should look to the regulations that governs the Board's authority, which is ACFR 1003.1d3. And it's important there to see what the regulations say that the Board can do and what it says it cannot do. And then try to figure out, with a balance of that, what exactly, whether the Board is permitted to do what it did here. And the Board can review de novo legal issues and discretionary questions and the application of undisputed law to fact. Those are all reviewed de novo by the Board. And then the Board's explicitly prohibited from conducting fact-finding on its own. So, although there may be some question about what is the definition of review, the appropriate entity to determine what review means there will first be the Board. It's for the Board to determine whether review means they can reach that determination in the first instance. I think that it's important though to look at what they can't do, that they can't engage in fact-finding. And here they haven't engaged in fact-finding. So they haven't done something that the regulations explicitly prohibit them from doing. The facts are clearly on the record, the facts that go to discretion here. And although counsel says that there isn't much analysis here, well, there is a full page of analysis on the discretionary decision by the IJ. It starts on page 68 of the record and carries over to 69. And it's labeled eligibility for cancellation or removal. And what I'd like to do is I'd like to put that in context and take a look at the structure of the IJ's oral decision here. I think it's also important to recognize that the IJ is doing this from a few notes and pretty much doing it off the top of his head. But it lays out a pretty easily comprehensible structure here where it addresses the two different CIMTs, the petty theft offense and the offense of indecent exposure. And then after it addresses those two in detail and finding that they're both CIMTs, the immigration judge then goes to discuss whether or not it's necessary to look at whether either of these are, well, whether the indecent exposure is a petty offense that would make it not subject to the CIMT inadmissibility provision. And after that, it gets to this section on page 68 of the record where we're talking about eligibility for cancellation or removal. And there the IJ states that they wouldn't be eligible because of the CIMTs. But the reason why I thought the record was confusing and mixed is that it appears the IJ started out aware and keeping in mind that there is a potential exercise of discretion here in saying that respondent appears to have a lengthy criminal history, which will go to the discretionary analysis. But the bottom line conclusion on page, this is now PR 69. Based on these reasons, therefore, respondent is statutorily ineligible for relief. Well, the discretion is part of the statute also, Your Honor. I think that's what the IJ was referring to there. Under the statute, the immigration judge may grant cancellation or removal, and that's what makes it discretionary in the statute. And so, but I think it's also important to look at what is being analyzed here. And it's the criminal record. He begins by stating the two CIMTs, but then quickly moves on to the discussion of the remaining criminal record, where there are multiple vehicular offenses here. And then the discussion also references the disdain that petitioner obviously has for the law and for appearing in court and for probation, and has lengthy sentences associated with what normally would not have lengthy sentences. And there's no reason to talk about those except a discretionary decision. And that's the fact finding that's engaged in by the IJ here, is what are the facts that would go to an exercise of discretion? And I wish that the IJ here had included the actual words, and because of this, I deny as a matter of discretion. But the IJ didn't do that. I think that when you look at the structure and when you look at the actual analysis, though, I think it's clear that's what, maybe not clear, but I think it's evident that that's what the IJ has done here. And that's what the board looked at it, and the board was comfortable enough with this record, with what is stated here, that the fact finding to conduct and to make a discretionary decision was there. It had already been done. And so, I would argue that the board has the authority to make a discretionary decision on its own. I don't think it needed to here, because I think the IJ had. But if the IJ had not, then the board has the authority to do that, and has done so here. So, now that counsel has conceded that there's no jurisdiction to address the NACARA eligibility, we're left with a discretionary determination over which this court lacks jurisdiction. We're left with no jurisdiction to address NACARA. And so, the only thing remaining is the asylum, and withholding of removal and protection under the Convention Against Torture. And for those, asylum is really the only thing that he argues, arguing past persecution based on the three vague threats that were made back in 1990. And I would ask this court to establish past persecution. Under this court's case law, threats by themselves would rarely, if ever, be sufficient. But in particular, here we're talking about two threats that were made while he was in the military. And those threats were that the guerrillas might want to kill him. Well, the military and the guerrillas were engaged in armed conflict at the time, so I don't think it should come as a surprise to anyone that the guerrillas might have wanted to kill him. And again, the threats were vague. He heard from a friend who had heard that somebody else said they might want to kill him. And the vagueness of that threat was repeated even after he left the military. And under this court's case law, again, that's wholly insufficient to establish past persecution. And I'd ask this court to deny the remaining portions of the petition for review. And unless you have questions, I'll go ahead and pass it. I would like to reiterate, as the court has even noticed, it is ambiguous. And the court is affirming something that wasn't even found. There was no finding of discretion. What they decide in their head that they think it might be is not actually what was found by the judge. The judge's words are memorialized. They say statutory. You know, are you aware of a Seventh Circuit case of Wood v. Mukasey? Wood? 2008. You know, Wood. No, I'm not. Where that Seventh Circuit held the BIA could reach issues the IJ did not address if those issues are in the appeal and subject to de novo review. No, I'm not familiar with that case. It's not from this circuit. I know that this court historically in a lot of other areas, when they have issues with things like this, the proper course is to remand. For example, on a case involving a remand, there's the Ventura case, which I'm sure the court is very familiar with, where Ventura says if something hasn't necessarily been decided, they've got to go back and allow them to do it in the first instance. Here there were specific findings that don't say that. And in the course of the counsel, but it's normally stated as a matter of law and as a matter of discretion. When you refer to the statutory elements, you refer to the statutory elements. And then separate and apart from that, there was an exercise of discretion by the attorney general. And here the answer, or at least the judge's words, were statutory elements. I'd also like to point out the word is de novo review, which means anew. It's not first time review. So if that decision hasn't been made, then what is de novo review? Then the board is actually being a trial court, if they're actually deciding these things in the first instance. Is this de novo review of the ultimate decision of the IJ as opposed to each and every round? Not exactly. Actually in the regulations, it gives the Board of Immigration Appeals different standards of review that they have. And one says de novo review of discretionary determinations. And they're separated out by what exactly they can review and what they can and what the standard imposed in the scope of review is. And so de novo by definition, even just looking at the two words, means anew, not first instance. All right. Thank you very much, counsel. Matter submitted for review session.
judges: Gilman, Fisher, Nguyen